GREGORY A. ASHE (VA Bar No. 39131)
BENJAMIN R. CADY (NY Bar No. 5133582)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2939 (Cady)
Email: gashe@ftc.gov, bcady@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

FILED ✓  LODGED ___
RECEIVED ___  COPY ___
JUL 14 2025
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**SEALED**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | CASE NO. **CV25-02443-PHX-SMB** |
| Plaintiff, | |
| v. | **FTC'S *EX PARTE* MOTION TO TEMPORARILY SEAL THE CASE FILE AND MEMORANDUM IN SUPPORT THEREOF** |
| Accelerated Debt Settlement Inc., et al., | |
| Defendants. | **DOCUMENT SUBMITTED UNDER SEAL** |

Plaintiff Federal Trade Commission ("FTC") respectfully submits this *ex parte* motion pursuant to LRCiv 5.6 for an order temporarily sealing the entire docket and all pleadings and orders in this matter (1) for 72 hours after the Court has ruled on the FTC's *ex parte* motion for a temporary restraining order ("TRO Motion") or (2) until the FTC notifies the Court and the Clerk of Court that the first Defendant has been served, whichever comes first. In support of its motion, the FTC states:

1. This action concerns a pernicious, massive debt relief scheme that preys on mostly older adults. Defendants have stolen over $100 million from consumers and appear to be dissipating those funds through transfers to individually held accounts.

2. As detailed in the FTC's memorandum in support of its TRO Motion ("TRO Memorandum"), Defendants have engaged in a concerted course of deceptive practices in connection with the marketing and sale of debt relief services. Defendants falsely impersonate businesses and the government and make false promises about their debt relief services. Defendants also collect illegal advance fees for their debt relief services; unlawfully use remotely created checks; obtain consumers' credit reports without a permissible purpose; and call phone numbers listed on the Do Not Call Registry.

3. Defendants' actions violate Section 5 of the FTC Act, 15 U.S.C. § 45; FTC's Telemarking Sales Rule, 16 C.F.R. Part 310; the FTC's Trade Regulation Rule on Impersonation of Government and Businesses, 16 C.F.R. Part 461; Section 604(f)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f)(1); and Section 521(a) of the Gramm-Leach-Bliley Act, 16 U.S.C. § 6821(a).

4. To put an immediate halt to these unlawful practices and stop ongoing consumer harm, the FTC has filed the TRO Motion for a temporary restraining order with asset freeze, appointment of receiver, immediate access to business premises, and other equitable relief.

5. If this case were docketed immediately as a matter of public record, there is a substantial possibility that Defendants would learn of the case before being served with the TRO.

6. As detailed in the TRO Memorandum and Rule 65 Certification and Declaration of FTC Counsel, good cause exists for issuing a temporary seal in this matter. Defendants' pervasive deceptive conduct indicates that they are likely to destroy or conceal business records or other tangible things and dissipate assets if they receive notice of the FTC's action before being served with the TRO. In the FTC's experience, defendants engaging in unfair and deceptive practices have secreted assets and destroyed documents upon learning of an impending law enforcement action. (*See* Decl. FTC Counsel at 5–12 ¶¶ 12–13.) Indeed, as discussed in the TRO Memorandum, the Corporate Defendants funnel substantial amounts of their unlawful proceeds to the Individual Defendants as well as sending funds overseas. Moreover, following investigations by states, Defendants have established new corporate entities to hide their unlawful behavior. Should Defendants prematurely learn of this case, it is highly likely that they would attempt to place most, if not all, of the remaining proceeds of their scheme beyond the reach of this Court.

7. The dissipation, destruction, or concealment of assets and records would frustrate the FTC's ability to obtain, and this Court's ability to award, effective relief for the victims of defendants' unlawful practices.

8. This Court's inherent authority to control its docket warrants temporarily sealing the record. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has

supervisory power over its own records and files . . . ."). A seal is appropriate where, for example, a court determines that, if made public, "'court files might . . . become a vehicle for improper purposes.'" *Id.* Indeed, "the danger of impairing law enforcement or judicial efficiency" is a factor weighing in favor of a seal. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *CFTC v. Bolze*, 2009 WL 605248, at *1 (E.D. Tenn. Mar. 3, 2009) (granting temporary seal motion noting agency's interests outweigh presumption that court files will be open to the public); *FTC v. USA Beverages, Inc.*, 2005 U.S. Dist. LEXIS 39064, at *6 (S.D. Fla. Nov. 4, 2005) (granting temporary seal order finding "compelling governmental interest of protecting the Court's ability to order restitution pending the outcome of [the] case"); *FTC v. Harry*, 2004 U.S. Dist. LEXIS 15588, at *26-27 (N.D. Ill. Jul. 27, 2004); Fed. R. Civ. P. 65(b)(1)(a) (providing for *ex parte* relief when "immediate and irreparable injury, loss, or damage will result" upon notice).

9. Courts have routinely granted similar temporary seals in other FTC law enforcement actions. *See, e.g., FTC v. Educare Ctr. Servs.*, 2020 U.S. Dist. LEXIS 134523, at *3 (W.D. Tex. May 26, 2020); *FTC v. Zurixx, LLC*, 2019 U.S. Dist. LEXIS 226551, at *2 (D. Utah. Oct. 4, 2019); *FTC v. Surescripts, LLC*, 2019 U.S. Dist. LEXIS 237763, at *5 (D.D.C. Apr. 17, 2019); *FTC v. Impetus Enter.*, 2018 U.S. Dist. LEXIS 232664, at *2 (C.D. Cal. Nov. 13, 2018); *FTC v. Pointbreak Media, LLC*, 2018 U.S. Dist. LEXIS 217195, at *3 (S.D. Fla. Jun. 6, 2018); FTC v. Kutzner, 2017 U.S. Dist. LEXIS 172569, at *4 (C.D. Cal. Jun. 12, 2017); *FTC v. Click4Support, LLC*, 2015 U.S. Dist. 153945, at *3 (E.D. Pa. Nov. 10, 2015); *FTC v. Partners in Health Care*

*Ass'n*, 2015 U.S. Dist. LEXIS 192661, at *2-3 (S.D. Fla. Jan. 6, 2015); *USA Beverages, Inc.*, 2005 U.S. Dist. LEXIS 39064, at *7-8. (*See also* Decl. FTC Counsel at 12-14 ¶¶ 14-15 and cases cited therein.)

10. Pursuant to LRCiv 7.1(b)(3), the FTC has submitted concurrently a proposed ordered concurrently herewith.

    For the foregoing reasons, the FTC asks the Court to temporarily seal the entire file and case docket in this action.

Dated: July 14, 2025                          Respectfully submitted,

                                                                   */s/ Gregory A. Ashe*
GREGORY A. ASHE (VA Bar No. 39131)
BENJAMIN R. CADY (NY Bar No. 5133582)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2939 (Cady)
Email: gashe@ftc.gov, bcady@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION