GREGORY A. ASHE (VA Bar No. 39131)
BENJAMIN R. CADY (NY Bar No. 5133582)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2939 (Cady)
Email: gashe@ftc.gov, bcady@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

```
                     FILED ___   ✓ LODGED
                     RECEIVED ___   ___ COPY
                           JUL 1 4 2025
                     CLERK U S DISTRICT COURT
                       DISTRICT OF ARIZONA
                     BY_____ DEPUTY
```

**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Federal Trade Commission,**<br><br>Plaintiff,<br><br>v.<br><br>**Accelerated Debt Settlement Inc.**, et al.,<br><br>Defendants. | CASE NO.   **CV25-02443-PHX-SMB**<br><br>**FTC'S *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, AND OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>**DOCUMENT SUBMITTED UNDER SEAL** |

Plaintiff Federal Trade Commission ("FTC"), pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), Fed. R. Civ. P. 65, and LRCiv 65.1, hereby moves this Court for an *ex parte* temporary restraining order ("TRO") with an asset freeze, appointment of a temporary receiver, immediate access to business premises, and other equitable relief against Defendants. In support of its motion, the FTC states as follows:

1. The FTC brings this action to halt a pernicious, massive debt relief scam that has stolen over $100 million from primarily older adults. Posing, first, as consumers' credit card issuers and then as various federal government agencies or consumer reporting agencies, Defendants tell consumers that their credit cards have been compromised and need to be closed. Defendants then market their services that are represented to reduce consumers' credit card debts. Defendants, however, do not follow up on their promises, and provide little or no services at all. Thus, after paying thousands of dollars in illegal advance fees, consumers experience no significant reduction in their unsecured debts but, instead, often find themselves deeper in debt and with worsened credit scores.

2. Defendants routinely use account information unlawfully obtained from consumers' credit reports to convince consumers that they are consumers' credit card issuers, government agencies, or consumer reporting agencies and to charge consumers thousands in illegal advance fees. In addition, in the course of their telemarketing, Defendants routinely call consumers on the FTC's Do Not Call list.

3. Defendants' actions violate Section 5 of the FTC Act, 15 U.S.C. § 45; the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310; the FTC's Trade Regulation Rule on Impersonation of Government and Businesses, 16 C.F.R. Part 461; Section 604(f)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f)(1); and Section 521(a) of the Gramm-Leach-Bliley Act, 16 U.S.C. § 6821(a).

4. The FTC therefore seeks an *ex parte* TRO:

   a. Temporarily enjoining Defendants' illegal practices;

    b. Temporarily freezing Defendants' assets;

    c. Appointing a temporary Receiver over the corporate Defendants;

    d. Allowing the FTC immediate access to Defendants' business premises and the Receiver to any residential premises where business is conducted to inspect and copy documents;

    e. Providing other equitable relief; and

    f. Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending an adjudication on the merits.

5. The FTC has not provided notice of this motion to Defendants. As discussed in the accompanying memorandum and exhibits thereto, as well as the Rule 65 Certification and Declaration of FTC Counsel in support of this motion, advance notice of this action to Defendants would likely lead to dissipation or concealment of assets and destruction of documents, causing immediate and irreparable harm by impeding the FTC's efforts to seek meaningful relief for Defendants' law violations.

6. Issuing the TRO with an asset freeze and other requested relief without notice will preserve this Court's ability to award full and effective relief by preserving the *status quo* pending a hearing on the requested preliminary injunction. Conversely, immediate and irreparable injury, loss, or damage will likely result to consumers and the FTC's ability to seek effective relief if notice is provided to Defendants. Thus the interests of justice require that this motion be heard without notice, pursuant to Fed. R. Civ. P. 65(b) and LRCiv 65.1.