1 | GREGORY A. ASHE (VA Bar No. 39131)
BENJAMIN R. CADY (NY Bar No. 5133582)
2 | Federal Trade Commission
600 Pennsylvania Avenue NW
3 | Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
4 | Telephone: 202-326-2939 (Cady)
5 | Email: gashe@ftc.gov, bcady@ftc.gov

6 | Attorneys for Plaintiff
7 | FEDERAL TRADE COMMISSION

FILED ___ ✓ LODGED
___ RECEIVED ___ COPY

JUL 1 4 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**SEALED**

8
9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

10 | **Federal Trade Commission,**

11 | Plaintiff,

12 | 
13 | V.

14 | **Accelerated Debt Settlement Inc.,** et al.,
15 | 
16 | Defendants.

CASE NO.   **CV25-02443-PHX-SMB**

**FTC'S RECOMMENDATION
FOR A RECEIVER**

**DOCUMENT SUBMITTED
UNDER SEAL**

17 | In connection with its *ex parte* Motion for Temporary Restraining Order ("TRO

18 | Motion"), Plaintiff Federal Trade Commission ("FTC") respectfully recommends that the

19 | 
20 | Court appoint Thomas McNamara, Esq. as a temporary receiver in this case.  In support

21 | of its recommendation, the FTC states:

22 | 1. The grounds for the appointment of a temporary receiver are set forth in the FTC's

23 |    memorandum in support of its TRO Motion.

24 | 2. Mr. McNamara has expressed a willingness to serve as temporary receiver.

25 | 
26 | 3. Mr. McNamara's areas of expertise and experience make him eminently qualified to

27 |    manage the receivership proposed in this action.  Mr. McNamara has been practicing

law for over 30 years and serving as a receiver or monitor in regulatory enforcement matters for over 20 years. He is a former federal prosecutor, having served as an Assistant United States Attorney in San Diego for 11 years, focusing on major economic crimes and public corruption. Mr. McNamara's qualifications are more fully set forth in the Letter of Interest attached hereto as Attachment A.

4. After returning to private practice, Mr. McNamara has focused on civil litigation, white collar matters, and receiverships. In fact, he has extensive experience serving as a receiver in government law enforcement actions, having been appointed more than 30 times by courts throughout the country in actions brought by the FTC, Securities and Exchange Commission ("SEC"), Commodity Futures Trading Commission ("CFTC"), and Consumer Financial Protection Bureau ("CFPB"). He has regularly repatriated foreign assets; marshalled, collected, and ultimately sold domestic assets; and made initial determinations as to whether receivership entities can operate lawfully and profitably.

5. Several of Mr. McNamara's more recent receiverships include *FTC v. Blackrock Servs., Inc., et al.*, Case No. 8:25-cv-00363-HDV-ADS (C.D. Cal.) (phantom debt collection scheme); *FTC v. Panda Benefit Servs., LLC, et al.*, Case No. 8:24-cv-01386-CAS-RAO (C.D. Cal) (student loan debt relief); *CFPB, et al. v. StratFS, LLC, et al.*, Case No. 1:24-cv-00040-JLS-MJR (W.D.N.Y.) (debt relief); *FTC v. Intercontinental Sols. LLC*, Case No. 8:23-cv-01495-SB-JDE (C.D. Cal.) (student loan debt relief); *FTC v. BCO Consulting Servs. Inc., et al.*, Case No. 8:23-cv-00699-JWH-ADS (C.D. Cal.) (student loan debt relief); *FTC v. SL Fin. LLC*, et al., Case No.

8:23-cv-00698-JWH-ADS (C.D. Cal.) (student loan debt relief); *FTC v. Lead Express, Inc., et al.*, Case No. 2:20-cv-00840-JAD-NJK (D. Nev.) (payday lending); *FTC v. OTA Franchise Corp., et al.*, Case No. 8:20-cv-00287-JVS-KES) (C.D. Cal.) (business opportunity); *FTC v. Elegant Sols., Inc.*, et al., Case No. 8:19-cv-01333-JVS-KES (C.D. Cal.) (student loan debt relief); *FTC v. Consumer Def., LLC, et al.*, Case No. 2:18-cv-00030-JCM-BNW (D. Nev.) (mortgage modification); *FTC v. Alliance Document Preparation, LLC, et al.*, Case No. 2:17-cv-07048-SJO (KSx) (C.D. Cal.) (student loan debt relief); *SEC v. PLCMGMT LLC, et al.*, Case No. 2:16-cv-02594-TJH FFMx) (C.D. Cal.) (securities fraud); *CFPB v. Moseley, et al.*, Case No. 4:14-cv-00789- DW (W.D. Mo.) (payday loan operation); and *FTC v. Ideal Fin. Sols., et al.*, Case No. 2:13-cv-00143-MMD (D. Nev. 2013) (unauthorized billing).

6. He is also familiar with the subject matter of this action, having been appointed receiver in several consumer protection cases involving debt relief. *E.g., FTC v. Panda Benefit Servs., LLC, et al.*, Case No. 8:24-cv-01386-CAS-RAO (C.D. Cal); *CFPB, et al. v. StratFS, LLC, et al.*, Case No. 1:24-cv-00040-JLS-MJR (W.D.N.Y.); *FTC v. Intercontinental Sols. LLC*, Case No. 8:23-cv-01495-SB-JDE (C.D. Cal.); *FTC v. BCO Consulting Servs. Inc., et al.*, Case No. 8:23-cv-00699-JWH-ADS (C.D. Cal.); *FTC v. SL Fin. LLC*, et al., Case No. 8:23-cv-00698-JWH-ADS (C.D. Cal.); *FTC v. Elegant Sols., Inc.*, et al., Case No. 8:19-cv-01333-JVS-KES (C.D. Cal.); *FTC v. Consumer Def., LLC, et al.*, Case No. 2:18-cv-00030-JCM-BNW (D. Nev.); *FTC v. Alliance Document Preparation, LLC, et al.*, Case No. 2:17-cv-07048-SJO (KSx) (C.D. Cal.).

7. Mr. McNamara is willing to discount his and his firm's rates because this case involves a government plaintiff. If appointed as receiver, he would mark down his hourly rate to $585 (a more than 25% discount from his normal rate) and offer similar discounts for his staff.

8. Mr. McNamara has indicated that neither he nor his firm have conflicts of interest should he be appointed as temporary receiver.

Dated: July 14, 2025                    Respectfully submitted,

GREGORY A. ASHE (VA Bar No. 39131)
BENJAMIN R. CADY (NY Bar No. 5133582)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20850
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2939 (Cady)
Email: gashe@ftc.gov, bcady@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# ATTACHMENT A

# REGULATORY RESOLUTIONS

Receivers | Examiners | Monitors

THOMAS W. MCNAMARA
DIRECT      619-269-0499
OFFICE      619-269-0400
FAX         619-269-0401
tmcnamara@regulatoryresolutions.com
https://regulatoryresolutions.com

June 3, 2025

*Via Email (gashe@ftc.gov)*

Gregory A. Ashe
Federal Trade Commission
Bureau of Consumer Protection
600 Pennsylvania Avenue, NW
Washington, D.C. 20580

Re:     Potential Receivership –District of Arizona

Dear Mr. Ashe:

As a follow-up to our recent telephone call, I am submitting this general note of interest and qualification for your consideration.  You indicated the Federal Trade Commission ("FTC") may seek a receiver in an action it plans to file in July in the District of Arizona.  The underlying conduct involves a debt settlement operation.

Our team has substantial experience and a successful track record working as receiver and monitor in regulatory enforcement matters for over 20 years.  I have been appointed receiver roughly 40 times by courts throughout the country in matters brought by the FTC, the Securities and Exchange Commission, the Commodity Futures Trading Commission, the Consumer Financial Protection Bureau, and state regulatory agencies.  The receiverships have involved a wide variety of businesses, including investment companies, law firms, debt settlement operations, debt collectors, and many others. As a result, we are particularly familiar with the factual, regulatory, and legal issues which arise in this area.

## A.     Background

I have a diverse background in civil and criminal law.  After law school and a one-year federal judicial clerkship, I was an associate in the Washington, D.C. office of Finley Kumble for four years, principally involved in corporate securities business matters and securities litigation.

I then served for eleven years as a federal prosecutor in the U.S. Attorney's Office in San Diego.  My primary focus was major economic crimes and public corruption.  For a thirteen-month period, I was detailed to Washington, D.C. as a prosecutor with the Campaign Finance Task Force growing out of the 1996 Presidential election.

655 West Broadway, Suite 900, San Diego, CA 92101

Gregory A. Ashe
Federal Trade Commission
June 3, 2025
Page 2

When I left the government and returned to private practice, I turned my focus to civil litigation, white collar matters, internal investigations, receiverships, and monitorships. Receiverships have been an important part of my practice and I am proud of the work our team has done on behalf of investors and consumers.

Andrew W. Robertson is a key member of the receivership team and has been involved in each of our receiverships over the last 20 years. He has a background in business and law which has made him a versatile asset. He was a business litigator for 16 years as an associate and partner with Lillick McHose and Pillsbury Madison in Los Angeles with a practice involving intellectual property, banking, securities, and general business matters. He then moved to San Diego as principal in a start-up sporting goods venture – products manufactured in China and distributed throughout the world – where he was responsible for operations, finance, and legal. After ten years of operational and finance experience in that and other businesses, he joined our firm and has since specialized in receiverships.

Our support team has worked on numerous receiverships, from immediate access through case conclusion. We have presided over investor and consumer disgorgement programs. As needed, we employ attorneys from my law firm, McNamara Smith LLP, to assist as counsel. Attorneys Logan Smith and Alex Wall have worked on numerous receiverships and are very familiar with the unusual issues which can arise in receiverships and debt collection operations. They have vigorously pursued legal claims on behalf of receivership estates, including the tracing and repatriating of millions of dollars in assets for the benefit of consumers. To the extent we need specialized legal counsel, often tax or international attorneys, we have a network of firms with whom we have worked in the past.

We will coordinate closely with our in-house forensic accountant and Certified Fraud Examiner, Lisa Jones, and outside computer forensic experts who have worked with us on many previous cases. We also have extensive contacts with investigative professionals, who are generally former or present law enforcement. These professionals can assist by providing investigative information about defendants, locations, and potential assets, and they play an important role on the day of immediate access.

As a result of our combined backgrounds and our network of professionals, we have significant receivership, investigative, asset tracing, and litigation experience. We are often called upon to make immediate access on multiple locations and are capable of identifying and taking control of additional locations as they become known upon immediate access. We are well qualified to handle even the most complex receiverships and are ready and willing to ably serve the public's interests as receiver in this matter.

## B.    Scope of Receivership

Based upon our brief contact, I assume that the receiver's primary mission will be to take control of the business locations, bank accounts, and other assets. You believe much of the operation may be run remotely but there may be an office in the Phoenix area. Please update me if you develop more information about other locations.

Gregory A. Ashe
Federal Trade Commission
June 3, 2025
Page 3

Generally, the temporary restraining orders require the receiver to initially determine whether the business can be operated lawfully and profitably. It is our practice to conduct an investigation, determine whether the business can be operated lawfully, identify consumer harm (if any), and present a preliminary report to the Court prior to the preliminary injunction ("PI") hearing. If a PI is entered, we would investigate the extent of consumer fraud, take appropriate corrective action, vigorously pursue legal claims, and trace and recover receivership assets seeking direction from the Court as needed. These are all tasks we have performed in other receiverships.

We have a long track record of working cooperatively with law enforcement and regulators in receiverships. At the same time, we have also been successful in working cooperatively with receivership defendants. We will strive to maintain open communications with and provide timely responses to receivership defendants. Generally, the cooperative nature of our relationships with receivership defendants has benefited all involved.

### C.    Conflicts of Interest

Pursuant to a Nondisclosure Agreement, you provided the names of the potential corporate and individual defendants. We have checked for conflicts and can confirm that we do not have any conflicts.

### D.    Resources and Billing Rates

We are mindful that, in the end, receivers work for the defrauded consumers and that receivership expenses ultimately reduce any net recovery for those consumers. We, therefore, steeply discount our hourly rates when acting as receiver. For example, my hourly rate is $585 per hour (more than a 25% reduction from my normal hourly rate), Andrew Robertson's rate is discounted to $465 per hour, and our forensic accountant Lisa Jones' rate is $265 per hour. As for counsel provided by McNamara Smith, those rates are also discounted and range from $235 to $665.

Thank you for contacting me about this receivership opportunity. I am interested in serving and am confident in our ability to act on behalf of the Court and administer a fair and efficient receivership. I look forward to talking to you again and am happy to answer additional questions and provide further information.

Sincerely,

Thomas W. McNamara

TWM:jej
Enclosures



**Thomas W. McNamara**
655 West Broadway, Suite 900
San Diego, California 92101
Tel:    619-269-0499
Email: tmcnamara@regulatoryresolutions.com

## Biography

A significant part of Tom McNamara's practice involves acting as receiver and monitor in regulatory enforcement actions.  He has been appointed more than 30 times by United States District Courts across the country in cases filed by the Securities and Exchange Commission, the Federal Trade Commission, the Consumer Financial Protection Bureau, the Commodity Futures Trading Commission, and numerous state regulatory agencies.  Securities related appointments have involved hedge funds, options-trading programs, forex trading, pre-IPO stock, and fractional interests. Consumer related appointments include health supplement manufacturers, law firms, loan modification operations, risk free trial schemes, student loan debt relief operations, and consumer product distributors.

The appointments generally require investigation of the underlying businesses, forensic analysis of books and records, identification and marshalling of assets for the benefit of investors or consumers, and periodic reports to supervising courts.  It is often necessary to investigate and pursue third parties who assisted the schemes and press for the return of voidable transfers to family, friends, and salespeople. We have also administered several investor redress programs. For descriptions of some of the cases, please see http://regulatoryresolutions.com/cases.

Mr. McNamara was a federal prosecutor for 11 years for the United States Attorney's Office for the Southern District of California, focusing on major economic crimes and public corruption.  He was awarded the United States Department of Justice Director's Award on two separate occasions.

Mr. McNamara is a partner in the law firm McNamara Smith LLP https://mcnamarallp.com/.

## Judicial Clerkships

- Hon. Roger D. Foley, U.S. District Court for the District of Nevada

## Education

- University of San Diego School of Law (J.D.)
- Managing Editor, *San Diego Law Review*
- University of Nevada (B.S.)

## Relevant Certifications and Memberships

MIT Media Lab Short Course Cryptocurrency Certificate (2020)

Member, National Association of Federal Equity Receivers (NAFER)
https://nafer.connectedcommunity.org/network/members/profile?UserKey=2933fd42-72da-4c0c-b150-602d88a98b70

Member, International Association of Independent Corporate Monitors



**Andrew W. Robertson**
655 West Broadway, Suite 900
San Diego, California 92101
Tel:    619-269-0400
Email: arobertson@mcnamarallp.com

## Biography

Mr. Robertson is a key member of the Regulatory Resolutions team and has been involved in each of our appointments.  He has a background in business and law which has made him a versatile asset.  After graduating from Brown University and UCLA Law School, he clerked for federal judge William P. Gray in Los Angeles.  He was then a business litigator for 16 years as an associate, of-counsel, and partner with Lillick McHose and Pillsbury Madison in Los Angeles with a practice involving intellectual property, banking, securities, and general business matters.  He later moved to San Diego as principal in a start-up sporting goods venture – products manufactured in China and distributed throughout the world – where he was responsible for operations, finance, and legal.  After ten years of operational and finance experience in that and other businesses, he joined our firm and has since specialized in receiverships.

## Judicial Clerkships

- Hon. William P. Gray, U.S. District Court for the Central District of California

## Education

- University of California, Los Angeles, School of Law (J.D.), Member, *UCLA Law Review*
- Brown University (B.A., *cum laude*)



## Background

Regulatory Resolutions has extensive experience implementing and managing complex receiverships and monitorships in enforcement actions brought by regulators in state and federal courts. For each assignment, we assemble the appropriate team of professionals – lawyers, accountants, business operators, computer forensic specialists, investigators, and other subject-matter experts. Our professionals and project partners are independent and objective.

We have been appointed by courts across the country. These appointments include cases brought by the Securities and Exchange Commission, the Federal Trade Commission, the Commodity Futures Trading Commission, the Consumer Financial Protection Bureau, and a number of state regulatory agencies. The assignments have involved investment offering frauds; Ponzi schemes; securities trading schools; loan modification operations; payday loan enterprises; and consumer product manufacturers and distributors. The scale of the underlying businesses has ranged from a single location to complex and sprawling national and international operations with thousands of employees and agents. For descriptions of some of the cases, please see http://regulatoryresolutions.com/cases.

The review and forensic reconstruction of financial records and investor accounts is frequently necessary in our appointments, as is the need to trace assets across the globe. Our team has substantial experience rebuilding financial records and identifying and tracing misappropriated or secreted assets. We have successfully used foreign legal process to freeze and ultimately repatriate assets hidden overseas.

## Further information

Please see https://regulatoryresolutions.com.

## Contact Information

Feel free to contact us at:

Regulatory Resolutions
655 W. Broadway, Suite 900
San Diego, CA 92101
619-269-0400
info@regulatoryresolutions.com