**DECLARATION OF MICHAEL B. GOLDSTEIN**
**PURSUANT TO 28 U.S.C. §1746**

I, Michael Goldstein, declare that:

1. I have personal knowledge of the facts as set forth below.
2. I am a citizen of the United States and am over eighteen (18) years of age. I am the Supervisory Investigator for the Division of Financial Practices, in the Federal Trade Commission's ("FTC") Bureau of Consumer Protection. My mailing address is 600 Pennsylvania Avenue, NW, Mail Stop CC-10232, Washington, D.C. 20580.
3. I have been an investigator with the FTC since April 2010. Since April 2012, I have been a Certified Fraud Examiner ("CFE"). The CFE certification is awarded by the Association of Certified Fraud Examiners. To become a CFE, I had to pass an exam which tested four subject areas: (1) fraud prevention and deterrence; (2) fraudulent financial transactions; (3) fraud investigations; and (4) legal elements of fraud.
4. I have been assigned to work on the FTC's investigation of several entities and individuals engaged in a credit card debt relief scheme, including Accelerated Debt Settlement, Inc. d/b/a Accelerated Debt Solutions ("Accelerated Debt"), Financial Solutions Group, LLC d/b/a Accelerated Debt Settlement, LLC ("Financial Solutions" or "Financial Solutions Group"), ADS Resolve, LLC ("ADS Resolve"), Resolution Specialists, LLC ("Resolution Specialists"), Unified Capital Services, LLC ("Unified Capital"), Mediawerks, Futura Capital, LLC ("Futura Capital"), Jeffrey Alan Lakes, Robert Knechtel, and Elizabeth Reaney.

5. This declaration sets forth my analysis of the gross and net revenues received by the Defendants over the course of the debt relief operation at issue in the FTC's case. I define gross revenue as the total amount of consumer funds charged by the Defendants, plus reversals of chargebacks. I define net revenue as the gross revenue minus any funds that were returned to consumers, either through chargebacks or refunds.

6. The evidence collected by the FTC during the course of its investigation shows that the Defendants had been operating a debt relief scheme since at least 2019. However, the calculation of revenue detailed in this declaration looks at the timeframe of three years prior to the filing of the FTC's complaint against the Defendants on July 14, 2025. Thus, the revenue calculation will start on July 15, 2022.

7. In the course of their scheme, the Defendants utilized a customer relations management ("CRM") platform provided by Zoho Corporation. The CRM contained a variety of data related to the operation and detailed information on each customer. I used the data found in the Zoho CRM to calculate the revenue.[1] I extracted the data on the amount of sales, chargebacks, and refunds.

[1] Previous filings by the FTC and the court-appointed receiver in this case find and report slightly different revenue numbers than I calculate here. The difference between these previous calculations and the numbers detailed here can be explained by the used different timeframes, as well as different and often incomplete records. The data found in the Defendants' CRM, unavailable to us earlier, is the most accurate and thus the data I will use here.

8. Using this data, I calculate that the Defendants gross revenue is $119,756,736.51. The Defendants paid $11,266,996.37 in chargebacks and refunds. Thus, the Defendants net revenue is $108,586,567.60.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of February 2026.

Michael B. Goldstein